GEORGE S. CARDONA
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
KEVIN M. LALLY (Cal. State Bar No. 226402)
BRIAN R. MICHAEL (Cal. State Bar No. 240560)
NILI T. MOGHADDAM (Cal. State Bar No. 226636)
Assistant United States Attorneys
Violent and Organized Crime Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-6148/0340/6520
     Facsimile:  (213) 894-3713
     E-mail: kevin.lally@usdoj.gov
             brian.michael@usdojg.gov
             nili.moghaddam@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) No. CR 07-1172(B)-DDP |
|---|---|
| Plaintiff, | ) GOVERNMENT'S OPPOSITION TO DEFENDANT LEONIDAS IRAHETA'S MOTION TO DISMISS INDICTMENT; MEMORANDUM OF POINTS AND AUTHORITIES |
| v. | |
| SERGIO PANTOJA, et al., | ) Hearing Date: February 22, 2010 |
| Defendants. | ) Hearing Time: 3 p.m. |

     Plaintiff, United States of America, by and through its counsel of record, Assistant United States Attorneys Kevin M. Lally, Brian R. Michael, and Nili T. Moghaddam, hereby files its opposition to defendant Leonidas Iraheta's Motion to Dismiss Indictment (CR 625), in which defendants Vladimir Iraheta and James Wooten have joined.

1     This opposition is based upon the attached memorandum of

2   points and authorities, the files and records in this case,

3   and such further evidence and argument as the Court may permit

4   at the hearing.

5   Dated: February 8, 2010          GEORGE S. CARDONA
                                     Acting United States Attorney
6
                                     CHRISTINE C. EWELL
7                                    Assistant U.S. Attorney
                                     Chief, Criminal Division
8

9

10                                   KEVIN M. LALLY
                                     BRIAN R. MICHAEL
11                                   NILI T. MOGHADDAM
                                     Assistant United States Attorneys
12
                                     Attorneys for Plaintiff
13                                   UNITED STATES OF AMERICA

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

PAGE(S)

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . 1

II.  FACTS . . . . . . . . . . . . . . . . . . . . . . 1

III. ARGUMENT . . . . . . . . . . . . . . . . . . . . 4

     A.   THE SECOND SUPERSEDING INDICTMENT WAS BROUGHT WITHIN

          THE APPLICABLE STATUTE OF LIMITATIONS . . . . . . . 4

     B.   DEFENDANTS FAIL TO SHOW HOW PRE-INDICTMENT

          DELAY VIOLATED THEIR FIFTH AMENDMENT DUE

          PROCESS RIGHTS . . . . . . . . . . . . . . . . 8

IV.  CONCLUSION . . . . . . . . . . . . . . . . . . 13

i

# TABLE OF AUTHORITIES

PAGE(S)

**FEDERAL CASES**

<u>Salinas v. United States</u>,
    522 U.S. 52 (1997) . . . . . . . . . . . . . . . 5

<u>United States v. Barken</u>,
    412 F.3d 1131 (9th Cir. 2005) . . . . . . . . . 9

<u>United States v. Castellano</u>,
    610 F. Supp. 1359 (S.D.N.Y. 1985) . . . . . . . 6

<u>United States v. Coia</u>,
    719 F.2d 1120 (11th Cir. 1983) . . . . . . . . 6

<u>United States v. Corona-Verbera</u>,
    509 F.3d 1105 (9th Cir. 2007) . . . . . . . . 11

<u>United States v. Doe</u>,
    149 F.3d 945 (9th Cir. 1998) . . . . . . . 9, 10

<u>United States v. Field</u>,
    432 F. Supp. 55 (S.D.N.Y. 1977) . . . . . . . . 6

<u>United States v. Gilbert</u>,
    266 F.3d 1180 (9th Cir. 2001) . . . . . . . . 11

<u>United States v. Huntley</u>,
    976 F.2d 1287 (9th Cir. 1992) . . . . . . . . . 9

<u>United States v. LeQuire</u>,
    943 F.2d 1554 (11th Cir. 1991) . . . . . . . . 6

<u>United States v. Lovasco</u>,
    431 U.S. 783 (1977) . . . . . . . . . . . . . 12

<u>United States v. Manning</u>,
    56 F.3d 1188 (9th Cir. 1995) . . . . . . . . . 11

1

**TABLE OF AUTHORITIES (cont. d)**

2  United States v. Martinez,

3      77 F.3d 332 (9th Cir. 1996) . . . . . . . . . . .   9

4  United States v. Mills,

5      641 F.2d 785 (9th Cir. 1981) . . . . . . . . . . 11

6  United States v. Moran,

7      759 F.2d 777 (9th Cir. 1985) . . . . . . . . . 8, 9,10

8  United States v. Nguyen,

9      255 F.3d 1335 (11th Cir. 2001) . . . . . . . . . .  5

10 United States v. Seawell,

11     550 F.2d 1159 (9th Cir. 1977) . . . . . . . . . . 11

12 United States v. Sherlock,

13     962 F.2d 1349 (9th Cir. 1992) . . . . . . . 9, 10, 11

14 United States v. Spero,

15     331 F.3d 57 (2d Cir. 2003) . . . . . . . . . . .  5

16 United States v. Wong,

17     40 F.3d 1347 (2d Cir. 1994) . . . . . . . . . .  7

18 **FEDERAL STATUTES**

19 18 U.S.C. § 1959 . . . . . . . . . . . . . . . . passim

20 18 U.S.C. § 1962 . . . . . . . . . . . . . . . . passim

21 18 U.S.C. § 1963 . . . . . . . . . . . . . . . . .  4

22 18 U.S.C. § 3281 . . . . . . . . . . . . . . . . .  4

23 18 U.S.C. § 3282 . . . . . . . . . . . . . . . . .  5

24

25

26

27

28

iii

1            MEMORANDUM OF POINTS AND AUTHORITIES

2                              I.

3                         INTRODUCTION

4        Defendant Leonidas Iraheta has moved to dismiss the

5   Second Superseding Indictment on the basis that (1) the

6   evidence is insufficient to establish his role in the

7   Racketeer Influenced and Corrupt Organizations ("RICO")

8   conspiracy that is alleged within the statute of limitations

9   and (2) pre-indictment delay violated his Fifth Amendment due

10  process rights.  Defendants Vladimir Iraheta and James Wooten

11  have joined this motion to dismiss in its entirety.

12       The Second Superseding Indictment was brought within the

13  applicable statutes of limitations.  Moreover, defendants fail

14  to show that they suffered any prejudice as a result of pre-

15  indictment delay, much less the actual, non-speculative

16  prejudice required to succeed on a motion to dismiss on that

17  ground.  For these reasons, defendants' motion to dismiss

18  lacks merit and should be denied.

19                              II.

20                            FACTS

21       Defendants Leonidas Iraheta and Vladimir Iraheta

22  (collectively, "the Iraheta defendants") are charged in Counts

23  One and Twenty-One of the Second Superseding Indictment, which

24  was filed on May 28, 2009.  Defendant Wooten is charged in

25  Counts Twenty-Two and Twenty-Five of the Second Superseding

26  Indictment.

27  Charges Alleged Against the Iraheta Defendants

28       Count One of the Second Superseding Indictment charges

                              1

the Iraheta defendants with a violation of Title 18, United States Code, Section 1962(d), RICO conspiracy, in connection with the Iraheta defendants' membership in the CLCS clique of the 18th Street Gang (the "CLCS Organization").  The Iraheta defendants are both charged in Overt Acts 1, 2, and 23. Defendant Leonidas Iraheta is additionally charged in Overt Acts 4 and 6.  Defendant Vladimir Iraheta is additionally charged in Overt Acts 3 and 22.

Overt Act 1 alleges that on "July 21, 2001, defendants EDUARDO HERNANDEZ, L. IRAHETA, and V. IRAHETA shot and killed J.B."  Overt Act 2 alleges that on "July 21, 2001, defendants EDUARDO HERNANDEZ, L. IRAHETA, and V. IRAHETA shot and wounded A.H."  Overt Act 3 alleges that on or about "January 19, 2002, defendant V. IRAHETA attacked a car occupied by individuals not associated with the CLCS Organization that encroached upon CLCS Organization territory, by throwing a hard object into the window of the vehicle and yelling, 'Where are you from?'" Overt Act 4 alleges that on "October 30, 2002, defendant L. IRAHETA possessed a loaded firearm while in CLCS Organization territory with defendant MELGAREJO."  Overt Act 6 alleges that on "August 19, 2003, defendants L. IRAHETA and EDUARDO HERNANDEZ collected rent from CLCS Organization member A.S. in CLCS Organization territory."  Overt Act 22 alleges that on "December 28, 2005, defendants V. IRAHETA and EDUARDO HERNANDEZ violated a State of California gang injunction by associating with fellow CLCS Organization members in CLCS Organization territory."  Finally, Overt Act 23 alleges that on "January 9, 2006, CLCS Organization members defendants

2

1    EDUARDO HERNANDEZ, L. IRAHETA, and V. IRAHETA attended a CLCS
2    Organization meeting with approximately six other CLCS
3    Organization members at the home of CLCS Organization member
4    F.E." Of the five overt acts with which defendant Leonidas
5    Iraheta is charged, one - Overt Act 23 - alleges conduct that
6    took place within five years of the filing of the Second
7    Superseding Indictment on May 28, 2009.   Similarly, of the
8    five overt acts with which defendant Vladimir Iraheta is
9    charged, two – Overt Acts 22 and 23 - allege conduct that took
10   place within five years of the filing of the Second
11   Superseding Indictment.
12        In addition to being charged with RICO conspiracy in
13   Count One of the Second Superseding Indictment, the Iraheta
14   defendants are additionally charged in Count Twenty-One of the
15   Second Superseding Indictment with a violation of Title 18,
16   United States Code, Section 1959(b)(2), Violent Crime in Aid
17   of Racketeering ("VICAR"), for the July 21, 2001 murder of
18   J.B.
19   <u>Charges Alleged Against Defendant Wooten</u>
20        Count Twenty-Two of the Second Superseding Indictment
21   charges defendant Wooten with a violation of Title 18, United
22   States Code, Section 1959(a)(5) for his role in the conspiracy
23   "to commit an assault resulting in serious bodily injury to
24   F.C. ..." on September 15, 2007.   Count Twenty-Five of the
25   Second Superseding Indictment charges defendant Wooten with a
26   violation of Title 18, United States Code, Section 1959(a)(2)
27   for his role in the "unlawful felony-murder of L.A.G.," which
28   took place on September 15, 2007.

1              III.

2            ARGUMENT

3  A.  THE SECOND SUPERSEDING INDICTMENT WAS BROUGHT WITHIN THE

4     APPLICABLE STATUTE OF LIMITATIONS

5         The Iraheta defendants move to dismiss Counts One and

6  Twenty-One of the Second Superseding Indictment on the basis

7  that "the allegations in the indictment that suggest that

8  [defendants were] a part of a RICO conspiracy, do not fall

9  within the five year statute of limitations."[1]  (Def. Br. at

10 5.)

11        As an initial matter, the Iraheta defendants' argument is

12 foreclosed as to Count Twenty-One, the VICAR count, because

13 Title 18, United States Code, Section 3281 provides that "[a]n

14 indictment for any offense punishable by death may be found at

15 any time without limitation."  Here, Count Twenty-One charges

16 the Iraheta defendants with a capital offense - VICAR murder -

17 a crime punishable by death.  See 18 U.S.C. § 1963; 18 U.S.C.

18 § 1959(a)(1).  As a result, Count Twenty-One of the Second

19 Superseding Indictment could have been brought at anytime and

20 thus was timely brought in May 2009.

21 _____

22     [1]  Although defendant Wooten joined this motion to dismiss
   the indictment in its entirety, it is hard to understand on
23 what basis he could credibly claim that Counts Twenty-Two and
   Twenty-Five, which charge him with conduct that took place in
24 2007, are barred by a five-year statute of limitations in a
   case in which the indictment charging that conduct was filed
25 only two years later, in May 2009.  Moreover, Count Twenty-
   Five charges defendant with a capital offense and, as such,
26 can be brought at anytime.  See 18 U.S.C. § 3281.  Therefore,
   defendant Wooten's claim that the VICAR offenses with which he
27 is charged are time-barred does not merit further discussion,
   and his motion to dismiss on statute of limitations grounds
28 should be denied.

                    4

1    Count One of the Second Superseding Indictment, which

2  charges the Iraheta defendants with RICO conspiracy, was also

3  timely brought.  Noncapital offenses such as RICO conspiracy

4  are governed by the five-year statute of limitations period

5  set forth in Title 18, United States Code, Section 3282(a),

6  which provides:

7

8              Except as otherwise expressly provided by
             law, no person shall be prosecuted, tried,
             or punished for any offense, not capital,

9              unless the indictment is found or the
             information is instituted within five years

10             next after such offense shall have been
             committed.

11

12  18 U.S.C. § 3282(a).

13    "A RICO conspiracy continues until the objectives of the

14  conspiracy are either accomplished or abandoned."  <u>United</u>

15  <u>States v. Spero</u>, 331 F.3d 57, 61 (2d Cir. 2003).  Here, the

16  Second Superseding Indictment was filed on May 28, 2009 and,

17  contrary to the Iraheta defendants' claims, it alleges that

18  the Iraheta defendants committed specified overt acts in

19  furtherance of the RICO conspiracy within five years of May

20  2009.  Although an indictment need not allege any overt acts

21  in furtherance of a RICO conspiracy,[2] where, as here, a

22  _____

23    [2]  It is well settled that to establish a criminal RICO
   conspiracy charge, the government is not required to prove

24  that any defendant committed any overt act.  <u>Salinas v. United</u>
   <u>States</u>, 522 U.S. 52, 63 (1997).  The government need only

25  establish a conspiratorial agreement to violate RICO.  <u>Id.</u>  In
   order for a defendant to be guilty of RICO conspiracy, "a

26  defendant must either agree to commit two predicate acts or
   agree to participate in the conduct of the enterprise with the

27  knowledge and intent that other members of the conspiracy
   would commit at least two predicate acts in furtherance of the

28  enterprise."  <u>United States v. Nguyen</u>, 255 F.3d 1335, 1341

                              5

1   defendant is alleged to have committed overt acts in
2   furtherance of a RICO conspiracy within five years of the
3   filing of the Second Superseding Indictment, a RICO conspiracy
4   offense is deemed timely brought.  See e.g. United States v.
5   LeQuire, 943 F.2d 1554, 1563 & n.17 (11th Cir. 1991); United
6   States v. Coia, 719 F.2d 1120, 1124-25 (11th Cir. 1983),
7   United States v. Castellano, 610 F. Supp. 1359, 1384 (S.D.N.Y.
8   1985); United States v. Field, 432 F. Supp. 55, 59 (S.D.N.Y.
9   1977).  Here, Overt Act 23 alleges that the Iraheta defendants
10  committed conduct in furtherance of the RICO conspiracy by
11  attending a CLCS Organization meeting on or about January 9,
12  2006.  In addition, Overt Act 22 alleges that Vladimir Iraheta
13  associated with fellow CLCS Organization members in violation
14  of a gang injunction, conduct committed in furtherance of the
15  RICO conspiracy, on or about December 28, 2005.  Each of the
16  Iraheta defendants is alleged to have committed overt acts in
17  furtherance of the RICO conspiracy charged in Count One within
18  five years of the filing of the Second Superseding Indictment,
19  and as such, the Second Superseding Indictment was timely
20  brought.
21      Even if the Second Superseding Indictment had not alleged
22  that the Iraheta defendants committed any overt acts within

---

(11th Cir. 2001).  The Iraheta defendants are therefore liable
for participation in the RICO conspiracy charged in Count One
on the basis of their agreement to (and ultimately commission
of) overt acts in furtherance of the conspiracy as well as on
the basis of their agreement to participate in the conduct of
the CLCS Organization with the knowledge and intent that other
members of the conspiracy would commit at least two overt acts
in furtherance of the conspiracy.

1   the five-year statute of limitations, Count One of the Second

2   Superseding Indictment would still have been timely brought

3   because it alleges that at least one of defendants'

4   coconspirators agreed to commit (and in fact committed) an

5   overt act in furtherance of the conspiracy within five years

6   of the filing of the Second Superseding Indictment.  "[I]n the

7   statute of limitations context . . . jurisdiction over a

8   single RICO predicate act confers jurisdiction over other

9   predicate acts, including some that could not be prosecuted

10  separately."  United States v. Wong, 40 F.3d 1347, 1367 (2d

11  Cir. 1994)(internal citations omitted).  Count One of the

12  Second Superseding Indictment alleges 236 overt acts, which

13  detail a wide range of conduct committed by members and

14  associates of the CLCS Organization – the Iraheta defendants'

15  coconspirators – in furtherance of that criminal enterprise.

16  Of those 236 overt acts, 226 allege conduct by defendants'

17  coconspirators that took place within five years of the filing

18  of the Second Superseding Indictment.[3] Defendants may be found

19  guilty of Count One for participation in a RICO conspiracy for

20  any one of these overt acts that their coconspirators

21  committed in furtherance of the CLCS Organization.

22      The Iraheta defendants' conduct in furtherance of the

23  CLCS Organization as well as the conduct of their

24  coconspirators in furtherance of that criminal enterprise fell

25  _____

26      [3] As noted above, Count One alleges that Leonidas Iraheta
    and Vladimir Iraheta each committed at least one overt act
27  within five years of the termination of the conspiracy.  The
    Second Superseding Indictment, therefore, alleges a total of
28  228 overt acts that took place in that five-year time period.

7

1    within the applicable statutes of limitations for the offenses

2    with which they are charged.  As such, the Iraheta defendants'

3    motion to dismiss on statute of limitations grounds should be

4    denied.

5    B.    DEFENDANTS FAIL TO SHOW HOW PRE-INDICTMENT DELAY VIOLATED

6          THEIR FIFTH AMENDMENT DUE PROCESS RIGHTS

7              The Iraheta defendants and defendant Wooten

8    (collectively, "defendants") claim that the Second Superseding

9    Indictment should be dismissed because pre-indictment delay

10   rose to the level of a Fifth Amendment due process violation.

11   (Def. Br. at 6.)  Defendants claim they suffered actual

12   prejudice as a result of pre-indictment delay because each

13   "has no way to establish his whereabouts, and thus an

14   'alibi'..."  (Id. at 7.)

15       The Fifth Amendment of the Constitution guarantees that

16   defendants will not be denied due process as a result of

17   excessive pre-indictment delay.  United States v. Lovasco, 431

18   U.S. 783, 788 (1977).  The Due Process Clause, however, "has a

19   limited role to play in protecting against oppressive delay."

20   Id. at 789.  That is because "statutes of limitations, which

21   provide predictable, legislatively enacted limits on

22   prosecutorial delay provide the primary guarantee, against

23   bringing overly stale criminal charges."  Id.

24       Courts apply a two-part test to determine whether pre-

25   indictment delay resulted in a violation of a defendant's

26   Fifth Amendment due process rights.  First, a defendant must

27   prove that he suffered actual, non-speculative prejudice from

28   the delay.  See Lovasco, 431 U.S. at 789; United States v.

8

1  <u>Moran</u>, 759 F.2d 777, 780-781 (9th Cir. 1985); <u>United States v.</u>
2  <u>Sherlock</u>, 962 F.2d 1349, 1353-1354 (9th Cir. 1992).  A
3  "defendant's burden to show actual prejudice is heavy and is
4  rarely met."  <u>United States v. Barken</u>, 412 F.3d 1131, 1134
5  (9th Cir. 2005).  Second, a defendant must show that the
6  delay, when balanced against the prosecution's reasons for it,
7  offends those "fundamental conceptions of justice which lie at
8  the base of our civil and political institutions."  <u>Id.</u>  This
9  "second part of the test applies only if the defendant has
10 demonstrated actual prejudice."  <u>Barken</u>, 412 F.3d at 1134.
11 Indeed, "[o]n a motion to dismiss an indictment for
12 preindictment delay, the district court cannot balance the
13 reasons for delay against prejudice, until first deciding that
14 prejudice has been sufficiently proved."  <u>United States v.</u>
15 <u>Martinez</u>, 77 F.3d 332, 335 (9th Cir. 1996).  <u>See also United</u>
16 <u>States v. Doe</u>, 149 F.3d 945, 948 (9th Cir. 1998)("A showing of
17 actual prejudice is required before the second prong will be
18 considered."); <u>United States v. Huntley</u>, 976 F.2d 1287, 1290
19 (9th Cir. 1992)("Since prejudice was not established, the
20 district court could not properly reach the second prong of
21 the due process test, balancing the length of the delay
22 against the reasons for it.").

23      Here, defendants, who claim pre-indictment delay resulted
24 in loss of memory as to their whereabouts on the night of the
25 murders with which they are respectively charged (July 21,
26 2001 as to the Iraheta defendants and September 15, 2007 as to
27 defendant Wooten), cannot show that they suffered "actual,
28 non-speculative prejudice" from any pre-indictment delay.

9

1   First, a "defendant has a heavy burden to prove that a pre-
2   indictment delay caused actual prejudice: the proof must be
3   definite and not speculative, and the defendant must
4   demonstrate how the loss of a witness and/or evidence is
5   prejudicial to his case." Moran, 759 F.2d at 782. See also
6   Sherlock, 962 F.2d at 1354 ("Our cases reflect this heavy
7   burden, as we frequently find actual prejudice lacking.");
8   Doe, 149 F.3d at 948 ("This court has noted that the burden of
9   showing actual prejudice is heavy and that it is rarely
10  met."). Second, this "court normally considers lost testimony
11  to have been adequately protected when the government brings
12  charges within the applicable statutes of limitation." Doe,
13  149 F.3d at 948. As demonstrated above, in this case, the
14  government brought the Second Superseding Indictment within
15  the applicable statutes of limitation. Defendants' conclusory
16  claims of prejudice fail, therefore, unless defendants can
17  show that any purported loss of memory or lost testimony
18  actually impaired meaningfully their ability to defend
19  themselves. Id.

20      Here, defendants make the conclusory claim that as a
21  result of pre-indictment delay, they have "no way to establish
22  [their] whereabouts" on the night of the murders with which
23  each is charged. Defendants fail, however, to identify what
24  efforts each has made to determine those whereabouts, which,
25  if any, individuals would have been available to testify about
26  defendants' whereabouts but for the passage of time, or what
27  those individuals would have said if they had been available
28  to testify. "Generalized assertions of the loss of memory . .

10

. are insufficient to establish actual prejudice." <u>United States v. Manning</u>, 56 F.3d 1188, 1194 (9th Cir. 1995). The "unsupported claim that memories of some witnesses and the defendant have dimmed does not constitute substantial prejudice in itself. Mere speculation cannot serve as the grounds for a finding of substantial prejudice." <u>United States v. Seawell</u>, 550 F.2d 1159, 1164 (9th Cir. 1977). <u>See also United States v. Corona-Verbera</u>, 509 F.3d 1105, 1113 (9th Cir. 2007)("Corona-Verbera's arguments are based on generalized speculation as to what lost or deceased witnesses would have said. He offers no affidavits nor any non-speculative proof as to how he was prejudiced by the loss of his witnesses. . . When a defendant fails to make a specific showing as to what a deceased witness would have said, any argument of prejudice is pure conjecture."); <u>United States v. Mills</u>, 641 F.2d 785, 788 (9th Cir. 1981)("A defendant must identify the witnesses, relate the substance of their testimony, and efforts made to locate them."). Even if defendants had shown that specific testimony or other evidence had in fact been lost due to the passage of time, they would still have to show how such evidence would have benefitted their case. <u>United States v. Gilbert</u>, 266 F.3d 1180, 1187 (9th Cir. 2001). "A simple allegation that testimony was lost is not enough." <u>Id.</u> Defendants fail to lend any support to the conclusory claim that they are unable to determine their "whereabouts" due to the passage of time. This unsupported allegation is wholly insufficient.

Defendants have not met the "heavy burden" placed on them

1   to show actual, non-speculative prejudice caused by pre-
2   indictment delay and therefore the government respectfully
3   submits that the Court need not, and should not, inquire into
4   the government's reasons for any such delay.  Even if the
5   Court were to consider the reasons for the pre-indictment
6   delay, however, defendants, by their own admission, have noted
7   that the government learned of new evidence relating to the
8   murder of J.B. - including information received in 2007 from a
9   cooperator - that re-opened the investigation of the J.B.
10  murder at that time.  (Def. Br. at 3.)  The Supreme Court has
11  held that "prosecuting a defendant following investigative
12  delay does not constitute a deprivation of due process, even
13  if the defendant's defense might have been somewhat prejudiced
14  by the lapse of time."  Moran, 759 F.2d at 783, citing
15  Lovasco, 431 U.S. at 796.  See also Sherlock, 962 F.2d at 1355
16  ("The ongoing investigation was a legitimate reason for the
17  delay.").  The government's investigation - resulting from new
18  evidence received in 2007 - was a legitimate reason for pre-
19  indictment delay.  As such, defendants cannot succeed on a
20  claim that their Fifth Amendment due process rights were
21  violated as a result of pre-indictment delay even if the Court
22  were to reach the second prong of the analysis and consider
23  the reasons for the delay.

24
25
26
27
28

IV.

CONCLUSION

For all the foregoing reasons, defendant Leonidas Iraheta's Motion to Dismiss Indictment, in which defendants Vladimir Iraheta and James Wooten have joined, should be denied.

Dated: February 8, 2010

GEORGE S. CARDONA
Acting United States Attorney

CHRISTINE C. EWELL
Assistant U.S. Attorney
Chief, Criminal Division

KEVIN M. LALLY
NILI T. MOGHADDAM
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

12