1  GEORGE S. CARDONA
   Acting United States Attorney
2  CHRISTINE C. EWELL
   Assistant United States Attorney
3  Chief, Criminal Division
   KEVIN M. LALLY (Cal. State Bar No. 226402)
4  BRIAN R. MICHAEL (Cal. State Bar No. 240560)
   NILI T. MOGHADDAM (Cal. State Bar No. 226636)
5  Assistant United States Attorneys
   Violent and Organized Crime Section
6      1500 United States Courthouse
       312 North Spring Street
7      Los Angeles, California 90012
       Telephone:  (213) 894-6148/0340/6520
8      Facsimile:  (213) 894-3713
       E-mail: kevin.lally@usdoj.gov
9              brian.michael@usdojg.gov
               nili.moghaddam@usdoj.gov
10
   Attorneys for Plaintiff
11 United States of America

12                 UNITED STATES DISTRICT COURT

13          FOR THE CENTRAL DISTRICT OF CALIFORNIA

14

15 UNITED STATES OF AMERICA,        ) No. CR 07-1172(B)-DDP
                                    )
16              Plaintiff,          ) GOVERNMENT'S OPPOSITION TO
                                    ) DEFENDANT VLADIMIR IRAHETA'S
17              v.                  ) MOTION TO DISMISS THE SECOND
                                    ) SUPERSEDING INDICTMENT;
18                                  ) MEMORANDUM OF POINTS AND
   SERGIO PANTOJA, et al.,          ) AUTHORITIES
19                                  )
                Defendants.         ) Hearing Date: February 22,
20                                  ) 2010
                                    ) Hearing Time: 3 p.m.
21                                  )

22

23      Plaintiff, United States of America, by and through its

24 counsel of record, Assistant United States Attorneys Kevin M.

25 Lally, Brian R. Michael, and Nili T. Moghaddam, hereby files

26 its opposition to defendant Vladimir Iraheta's Motion to

27 Dismiss the Second Superseding Indictment (CR 628), in which

28 defendants Leonidas Iraheta and James Wooten have joined.

1       This opposition is based upon the attached memorandum of

2  points and authorities, the files and records in this case,

3  and such further evidence and argument as the Court may permit

4  at the hearing.

5  Dated: February 8, 2010          GEORGE S. CARDONA
                                    Acting United States Attorney
6
                                    CHRISTINE C. EWELL
7                                   Assistant U.S. Attorney
                                    Chief, Criminal Division
8

9

                                    KEVIN M. LALLY
10                                  BRIAN R. MICHAEL
                                    NILI T. MOGHADDAM
11                                  Assistant United States Attorneys

12                                  Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    2

**TABLE OF CONTENTS**

PAGE (S)

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . ii

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . 1

II.   ARGUMENT . . . . . . . . . . . . . . . . . . . . 2

      A.    THE VICAR STATUTE IS CONSTITUTIONAL . . . . . . . . 2

      B.    THE RICO AND VICAR COUNTS ARE CONSTITUTIONAL

            AS APPLIED . . . . . . . . . . . . . . . . . 6

      C.    THE SECOND SUPERSEDING INDICTMENT IS NOT FATALLY

            DEFICIENT . . . . . . . . . . . . . . . . . 10

III.        CONCLUSION . . . . . . . . . . . . . . . . . 12

i

1

**TABLE OF AUTHORITIES**

2

3                                                    **PAGE(S)**

4   **FEDERAL CASES**

5   United States v. Atcheson,

6       94 F.3d 1237 (9th Cir. 1996) . . . . . . . . . . . . 8

7   United states v. Bryant,

8       No. 08-10348, 2009 WL 4884880 (9th Cir. Dec. 2, 2009) . . 8

9   United States v. Crenshaw,

10      359 F.3d 977 (8th Cir. 2004) . . . . . . . . . . . . 5

11  United States v. Feliciano,

12      223 F.3d 102 (2d Cir. 2000) . . . . . . . . . . . . 8

13  United States v. Fernandez,

14      388 F.3d 1199 (9th Cir. 2004) . . . . . . . . . . . passim

15  United States v. Frega,

16      179 F.3d 793 (9th Cir. 1999) . . . . . . . . . . . . 4

17  United States v. Garcia,

18      68 F. Supp. 2d 802 (E.D. Mich. 1999) . . . . . . . 6,9,10

19  United States v. Juvenile Male,

20      118 F.3d 1344 (9th Cir. 1997) . . . . . . . . . . . 3,4,8

21  United States v. Lopez,

22      514 U.S. 549 (1995) . . . . . . . . . . . . . . . . 3,4

23  United States v. Morgan,

24      238 F.3d 1180 (9th Cir. 2001)(same) . . . . . . . . . 7

25  United States v. Nukida,

26      8 F.3d 665 (9th Cir. 1993) . . . . . . . . . . . . . 7

27  United States v. Polanco,

28      145 F.3d 536 (2d Cir. 1998) . . . . . . . . . . . . 9

1

TABLE OF AUTHORITIES (cont.d)

2

3  United States v. Riddle,

4      249 F.3d 529 (6th Cir. 2001) . . . . . . . . . . . . . 5

5  United States v. Shryrock,

6      342 F.3d 948 (9th Cir. 2003) . . . . . . . . . . . 3,4

7  United States v. Staples,

8      85 F.3d 461 (9th Cir. 1996) . . . . . . . . . . . . 8

9  United States v. Tisor,

10      96 F.3d 370 (9th Cir. 1996) . . . . . . . . . . . . 8

11  United States v. Torres,

12      129 F.3d 710 (2d Cir. 1997) . . . . . . . . . . . . 5

13  UNITED STATES CONSTITUTION

14  U.S. Const., Art. I, § 8, cl. 3 . . . . . . . . . . . 3

15  FEDERAL STATUTES

16  18 U.S.C. § 1962 . . . . . . . . . . . . . . . . passim

17  18 U.S.C. § 1959 . . . . . . . . . . . . . . . . passim

18  18 U.S.C. § 922 . . . . . . . . . . . . . . . . . . 3

19  FEDERAL RULES

20  Federal Rule of Criminal Procedure 7(c) . . . . . . . . . 11

21

22

23

24

25

26

27

28

1

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2

I.

3

<u>INTRODUCTION</u>

4    Defendant Vladimir Iraheta has moved to dismiss the

5  Second Superseding Indictment on the basis that it suffers

6  from jurisdictional defects.  Defendants Leonidas Iraheta and

7  James Wooten have joined this motion to dismiss in its

8  entirety.  Defendants Vladimir and Leonidas Iraheta are

9  charged in Counts One and Twenty-One of the Second Superseding

10  Indictment, which was filed on May 28, 2009.  Defendant James

11  Wooten is charged in Counts Twenty-Two and Twenty-Five of the

12  Second Superseding Indictment.

13    Count One of the Second Superseding Indictment charges

14  defendants Vladimir and Leonidas Iraheta with a violation of

15  Title 18, United States Code, Section 1962(d), Racketeer

16  Influenced and Corrupt Organizations ("RICO") conspiracy, in

17  connection with their membership in the CLCS clique of the

18  18th Street Gang (the "CLCS Organization").  Count Twenty-One

19  of the Second Superseding Indictment charges defendants

20  Vladimir and Leonidas Iraheta with a violation of Title 18,

21  United States Code, Section 1959(b)(2), Violent Crime in Aid

22  of Racketeering ("VICAR"), for the murder of J.B.

23    Count Twenty-Two of the Second Superseding Indictment

24  charges defendant Wooten with a VICAR offense in violation of

25  Title 18, United States Code, Section 1959(a)(5), for his role

26  in the conspiracy "to commit an assault resulting in serious

27  bodily injury to F.C. . . . ."  Count Twenty-Five of the Second

28  Superseding Indictment charges defendant Wooten with a VICAR

offense in violation of Title 18, United States Code, Section 1959(a)(2) for his role in the "unlawful felony-murder of L.A.G."

Defendants move to dismiss the Second Superseding Indictment on the following grounds:

*First*, defendants argue that the VICAR counts alleged against them should be dismissed because the VICAR statute is an unconstitutional exercise of Congress' Commerce Clause powers.

*Second*, defendants argue that the RICO and VICAR counts alleged against them should be dismissed because the RICO and VICAR statutes – as applied in this case – constitute an unconstitutional exercise of Congress' Commerce Clause powers.[1]

*Finally*, defendants argue that the RICO and VICAR counts alleged against them should be dismissed because the Second Superseding Indictment fails to allege with sufficient detail the effect on interstate commerce of the criminal conduct alleged in those counts.

As discussed in detail below, each of these claims is without merit.

---

[1]   Although defendant Wooten has joined this motion to dismiss in its entirety, the government assumes defendant Wooten's joinder is limited to issues raised as to the VICAR counts, because defendant Wooten is not charged in Count One, the RICO conspiracy count.

1

II.

2

ARGUMENT

3  A.   THE VICAR STATUTE IS CONSTITUTIONAL

4        Defendants claim that the VICAR statute, Title 18, United

5  States Code, Section 1959, exceeds the authority of Congress

6  to regulate commerce because it "does not require that the

7  *actus reus* of the defendant – the commission of a murder,

8  assault or other crime of violence – have any connection to

9  interstate commerce."  (Def. Br. at 11.)  Instead, the statute

10  requires that the "enterprise" in furtherance of which a

11  defendant committed a violent crime in aid of racketeering be

12  one "which is engaged in, or the activities of which affect,

13  interstate or foreign commerce."  18 U.S.C. § 1959(b)(2).

14  Relying on the Supreme Court's decision in United States v.

15  Lopez, 514 U.S. 549 (1995), defendants argue that the

16  "'substantial effect' test of Lopez is not satisfied by §

17  1959" because it does not require that the charged "violent

18  act affect commerce."[2]  (Def. Br. at 13-14.)  Defendants'

19  argument is contrary to the Ninth Circuit's post-Lopez

20  jurisprudence.

21  ───────────────────

22        [2]  Under the Commerce Clause, Congress is empowered "to
regulate Commerce with foreign Nations, and among the several

23  States, and with the Indian Tribes."  U.S. Const., Art. I, §
8, cl. 3.  In United States v. Lopez, the Supreme Court

24  invalidated a Congressional enactment on the basis that
Congress had exceeded its authority under the Commerce Clause.

25  At issue in Lopez was the constitutionality of the Gun-Free
School Zones Act of 1990, 18 U.S.C. § 922(q)(1)(A), which made

26  it a federal offense "for any individual knowingly to possess
a firearm at a place that the individual knows, or has

27  reasonable cause to believe, is a school zone."  The statute
did not in any way reference interstate or foreign commerce

28  and did not contain a jurisdictional element.

3

1          As an initial matter, the Ninth Circuit has held that

2     Lopez does not govern RICO cases.  United States v. Juvenile

3     Male, 118 F.3d 1344, 1347-1349 (9th Cir. 1997); United States

4     v. Shryrock, 342 F.3d 948, 984 n.6 (9th Cir. 2003); United

5     States v. Fernandez, 388 F.3d 1199, 1248-1249 (9th Cir. 2004).

6     This Circuit has held that "all that is required to establish

7     federal jurisdiction in a RICO prosecution is a showing that

8     the individual predicate racketeering acts have a *de minimis*

9     impact on interstate commerce."  Juvenile Male, 118 F.3d at

10    1347.  See also Shryrock, 342 F.3d at 984.  The Lopez

11    "substantial effect" test is therefore inapplicable in RICO

12    prosecutions brought in this Circuit.  United States v. Frega,

13    179 F.3d 793, 800 (9th Cir. 1999).  Although the Ninth Circuit

14    has not ruled on the constitutionality of the VICAR statute

15    after Lopez, the rationale of its post-Lopez jurisprudence on

16    the interstate nexus requirement of RICO prosecutions is

17    equally applicable to VICAR prosecutions.  In particular,

18    because the interstate nexus requirement of the RICO and VICAR

19    statutes is identical, the "substantial effect" test of the

20    Lopez decision is by extension inapplicable to the VICAR

21    statute.  Defendants' claim that the VICAR statute is

22    unconstitutional because it does not satisfy the "substantial

23    effect" test of Lopez is therefore flawed.  Because all that

24    is required in such cases is a *de miminus* effect on interstate

25    commerce, the VICAR statute, which contains an express

26    jurisdictional requirement that the "enterprise" in

27    furtherance of which a defendant committed a violent crime in

28    aid of racketeering be one "which is engaged in, or the

4

1    activities of which affect, interstate or foreign commerce,"
2    is a constitutional exercise of Congress' Commerce Clause
3    powers. <u>Juvenile Male</u>, 118 F.3d at 1347-1349; <u>Shryrock</u>, 342
4    F.3d at 984 n.6; <u>Fernandez</u>, 388 F.3d at 1248-1249.

5         Moreover, defendants' claim that to be constitutional,
6    the VICAR statute must require each violent act to have an
7    impact on interstate commerce was implicitly overruled by the
8    Ninth Circuit's decision in <u>United States v. Fernandez</u>, 388
9    F.3d 1199, 1249-1250 (9th Cir. 2004). In <u>Fernandez</u>, the Ninth
10   Circuit briefly addressed the issue of the constitutionality
11   of the VICAR statute, which was not at issue on appeal. <u>Id.</u>
12   In that case, defendant-appellant argued that the district
13   court erred by failing to instruct the jury that the specific
14   violent acts charged in the VICAR counts must have had an
15   effect on interstate commerce. <u>Id.</u> The court noted that
16   while appellants claimed they were not making a "facial attack
17   to the [VICAR] statute," their "challenge to the jury
18   instructions is essentially a claim that the statute as
19   written goes beyond the regulatory power of Congress." <u>Id.</u>
20   The Court noted that "[s]uch a claim has already been rejected
21   by at least three circuits." <u>Id.</u>, citing <u>United States v.</u>
22   <u>Crenshaw</u>, 359 F.3d 977, 987 (8th Cir. 2004); <u>United States v.</u>
23   <u>Riddle</u>, 249 F.3d 529, 538 (6th Cir. 2001); <u>United States v.</u>
24   <u>Torres</u>, 129 F.3d 710, 717 (2d Cir. 1997). The Court further
25   noted that "in the context of the substantive RICO statute, we
26   have explained that the government need not show a nexus to
27   interstate commerce for each predicate act underlying a RICO
28   conviction." <u>Id.</u> The court concluded that the district court

5

1    did not err in not instructing the jury that each violent act
2    charged in the VICAR counts must have an effect on interstate
3    commerce.  Although the court did not have occasion to rule on
4    the constitutionality of the VICAR statute, it is clear that
5    the jury instruction at issue could not have survived scrutiny
6    if the constitutionality of the VICAR statute was contingent
7    on the statute requiring that the violent act charged have an
8    effect on interstate commerce.  Thus, defendants' claim that
9    the VICAR statute is unconstitutional because it "does not
10   require that a violent act affect commerce" is invalid.

11        Defendants rely on the Eastern District of Michigan's
12   decision in United States v. Garcia, 68 F. Supp. 2d 802, (E.D.
13   Mich. 1999), in support of the claim that the VICAR statute is
14   unconstitutional.  Garcia is an Eastern District of Michigan
15   case that is contrary to this Circuit's precedents.  Moreover,
16   defendants' reliance on Garcia is misplaced.  In Garcia, the
17   court dismissed the VICAR count not because it determined that
18   the statute was constitutionally infirm, but because it
19   determined that the statute was unconstitutional as applied
20   under the facts of that case.  The court held that the VICAR
21   statute required that more than a "de minimus connection be
22   established," and held that under the "substantial effect"
23   test, which this Circuit has ruled inapplicable to RICO
24   prosecutions, the government could not show a substantial
25   effect on interstate commerce.  Garcia therefore lends no
26   support to defendants' claim that the VICAR statute is
27   unconstitutional on its face.
28

B.   THE RICO AND VICAR COUNTS ARE CONSTITUTIONAL AS APPLIED

       Defendants also argue that the government will not be

able to present at trial evidence showing an impact on

interstate or foreign commerce.  Defendants "contend[] that *no*

interstate transactions form a part of the prosecution's case

and that the government will be forced to rely upon general

allegations regarding the potential effect that the acts at

issue *may* have on interstate commerce."  (Def. Br. at

23)(emphasis in original).  Although defendants style this

argument as a challenge to the constitutionality of the RICO

and VICAR statutes *as applied* in this case, defendants are in

fact challenging the sufficiency of the government's evidence

of an effect on interstate or foreign commerce.  Defendants,

however, are precluded from making a pretrial challenge to the

sufficiency of the government's evidence of interstate or

foreign commerce.

       This Circuit has held that "the determination of whether

[a defendants'] actions resulted in sufficient effects on

interstate commerce is essentially factual, and therefore

inappropriate for resolution on a pretrial motion to

dismiss..."  United States v. Nukida, 8 F.3d 665, 669 (9th

Cir. 1993).  "Inasmuch as [defendants'] arguments before the

district court challenge[] the government's ability to prove

that [defendants'] actions affected commerce, [defendants']

motion to dismiss amount[s] to a premature challenge to the

sufficiency of the government's evidence tending to prove a

material element of the offense..."  Id.  The proper way for

defendants to "challenge the sufficiency of the government's

7

1   evidence pertaining to the jurisdictional element of affecting
2   interstate commerce is a motion for acquittal under Rule 29,
3   presented at the close of the government's case-in-chief."
4   Id. at 673.  See also United States v. Morgan, 238 F.3d 1180,
5   1186 (9th Cir. 2001)(same).  Thus, defendants may not make –
6   and the government respectfully submits that this Court may
7   not consider – a pretrial challenge to the sufficiency of the
8   government's evidence of interstate or foreign commerce.

9        Even if defendants could challenge the sufficiency of the
10  government's evidence of interstate or foreign commerce at
11  this stage in the proceedings, their claim would fail because
12  it contrary to Ninth Circuit law.  Defendants claim that the
13  "government must show an actual effect on, or travel through,
14  commerce."  (Def. Br. at 23.)  In this Circuit, to "establish
15  a de minimis effect on interstate commerce, the Government
16  need not show that a defendant's acts actually affected
17  interstate commerce.  Rather, the jurisdictional requirement
18  is satisfied by proof of a probable or potential impact."
19  United States v. Atcheson, 94 F.3d 1237, 1243 (9th Cir. 1996).
20  See also Juvenile Male, 118 F.3d at 1349.  Thus, contrary to
21  defendants' claims, the government need not show that the CLCS
22  Organization had an actual impact on interstate or foreign
23  commerce.  It is sufficient if the evidence at trial shows
24  that the enterprise had a probable or potential impact on
25  interstate or foreign commerce.

26       Here, the Second Superseding Indictment does in fact
27  allege that the CLCS Organization's activities had an actual
28  impact on interstate commerce.  Most notably, the Second

8

1   Superseding Indictment alleges that the CLCS Organization
2   engaged in the business of narcotics trafficking.  Courts have
3   uniformly held that "drug trafficking is a commercial activity
4   which substantially affects interstate commerce."  United
5   States v. Staples, 85 F.3d 461, 463 (9th Cir. 1996).  See also
6   United States v. Tisor, 96 F.3d 370, 375 (9th Cir. 1996);
7   United States v. Bryant, No. 08-10348, 2009 WL 4884880, at *1
8   (9th Cir. Dec. 2, 2009)(finding sufficient evidence of
9   interstate commerce in VICAR prosecution where the government
10  presented witness testimony that the defendant was a member of
11  a gang that "was involved in the interstate drug trade");
12  United States v. Feliciano, 223 F.3d 102, 118 (2d Cir.
13  2000)("the racketeering activity that satisfies the
14  jurisdictional element in this case - narcotics trafficking -
15  is clearly economic in nature and has been found by Congress
16  to have a substantial effect on interstate commerce").  Here,
17  where the CLCS Organization engaged in, among other things,
18  large-scale narcotics trafficking, it is clear that the
19  evidence at trial will easily exceed the Ninth Circuit's de
20  minimus effect standard and show that the activities of the
21  CLCS Organization had an actual and substantial effect on
22  interstate commerce.
23      The case law defendants cite in support of the claim that
24  the RICO and VICAR statutes as applied are unconstitutional is
25  inapposite.  In United States v. Polanco, 145 F.3d 536, 540
26  (2d Cir. 1998), the court held that the evidence was
27  insufficient to support a finding that Polanco had committed
28  murder for the purpose of maintaining or increasing his

position in the Red Top Crew gang because the evidence at

trial made clear that Polanco was not a member of that gang.

Here, the Second Superseding Indictment alleges (and the

evidence at trial will show) that defendants are members of

the CLCS Organization.

Defendants also cite <u>Garcia</u>, discussed *supra*, in support

of the claim that the RICO and VICAR statutes are

unconstitutional as applied.  As noted above, this case is a

non-precedential decision from the Eastern District of

Michigan that is contrary to this Circuit's binding

precedents.  It is also distinguishable.  In <u>Garcia</u>, the court

held that the government could not show a "substantial effect"

on interstate commerce where the evidence of interstate

commerce consisted of (1) an allegation that some of the

members of the street gang in question "drove within the state

on an interstate highway," (2) that the gun used in connection

with one of the racketeering acts "may have crossed state

lines," (3) that members of the gang may have purchased a gun

at a trade center that had out-of-state customers; (4) that a

gang member heard that the gang may have "cells" in other

states, and finally, (6) that two gang members discussed law

enforcement initiatives against the gang while on a trip to

Mexico.  <u>Garcia</u>, 68 F. Supp. 2d at 812.  The "interstate

nexus" factual basis that the government proffered in <u>Garcia</u>

was scant in comparison to the evidence of an effect on

interstate commerce in this case, which concerns, among other

things, the CLCS Organization's large-scale narcotics

trafficking business, held uniformly by courts to have a

1  substantial effect on interstate commerce.

2       Defendants' challenge to the sufficiency of the

3  government's evidence of interstate or foreign commerce is not

4  ripe for adjudication and would, in any event, not withstand

5  scrutiny.

6  C.   THE SECOND SUPERSEDING INDICTMENT IS NOT FATALLY

7       DEFICIENT

8       Finally, defendants argue that the RICO and VICAR counts

9  of the Second Superseding Indictment are "fatally deficient

10 because they omit necessary specific factual allegations

11 demonstrating *substantial* impact on interstate commerce."

12 (Def. Br. at 21)(emphasis in original).  According to

13 defendants, the "failure to set forth any allegation of

14 interstate commerce beyond the boilerplate language of the

15 statute does not meet minimal pleading requirements" set forth

16 in Federal Rule of Criminal Procedure 7(c).  This argument is

17 also without merit.

18      First, as discussed above, under the Ninth Circuit's

19 jurisprudence, the government need show only a *de minimis* -

20 not substantial - impact on interstate commerce.  Second, Rule

21 7(c) requires that an indictment contain only a "plain,

22 concise, and definite written statement of the essential facts

23 constituting the offense charged" and that it be "signed by an

24 attorney for the government."  F.R. Crim. P. 7(c).  Moreover,

25 a RICO indictment "need not set forth facts alleging how

26 interstate commerce was affected, nor otherwise state any

27 theory of interstate impact."  United States v. Fernandez, 388

28 F.3d 1199, 1218 (9th Cir. 2004).  In Fernandez, the Ninth

1  Circuit found that an indictment that alleged that the Mexican

2  Mafia is an enterprise "which is engaged in, and whose

3  activities affect, interstate or foreign commerce," adequately

4  plead the interstate nexus required by the RICO statute.

5  Fernandez, 388 F.3d at 1217-1218.  Here, as in Fernandez, the

6  Second Superseding Indictment alleges in the RICO and VICAR

7  counts that the CLCS Organization is an enterprise "which

8  engaged in, and the activities of which affected, interstate

9  and foreign commerce..."  See Second Superseding Indictment at

10  p. 15 at ¶ 2, p. 88 at ¶ 1, p. 90 at ¶ 2, p. 93 at ¶ 2.  Thus,

11  defendants' claim that the Second Superseding Indictment's

12  interstate nexus allegations are not sufficiently detailed is

13  without merit.

14                              III.

15                            CONCLUSION

16       For all the foregoing reasons, defendant Vladimir

17  Iraheta's Motion to Dismiss the Second Superseding Indictment,

18  in which defendants Leonidas Iraheta and James Wooten have

19  joined, should be denied.

20  Dated: February 8, 2010          GEORGE S. CARDONA
                                     Acting United States Attorney
21
                                     CHRISTINE C. EWELL
22                                   Assistant U.S. Attorney
                                     Chief, Criminal Division
23

24

                                     KEVIN M. LALLY
25                                   BRIAN R. MICHAEL
                                     NILI T. MOGHADDAM
26                                   Assistant United States Attorneys

27                                   Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA
28

                                 12