GEORGE S. CARDONA
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
KEVIN M. LALLY (Cal. State Bar No. 226402)
BRIAN R. MICHAEL (Cal. State Bar No. 240560)
NILI T. MOGHADDAM (Cal. State Bar No. 226636)
Assistant United States Attorneys
Violent and Organized Crime Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-6148/0340/6520
     Facsimile:  (213) 894-3713
     E-mail: kevin.lally@usdoj.gov
             brian.michael@usdoj.gov
             nili.moghaddam@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 07-1172(B)-DDP |
| Plaintiff, ) | |
| ) | GOVERNMENT'S SUPPLEMENTAL |
| v. ) | SUBMISSION AS TO DEFENDANT |
| ) | ALEXANDER RIVERA'S MOTION TO |
| ) | DISMISS |
| SERGIO PANTOJA, et al., ) | |
| Defendants. ) | |

   Plaintiff, United States of America, by and through its counsel of record, Assistant United States Attorneys Kevin M. Lally, Brian R. Michael, and Nili T. Moghaddam, hereby submits supplemental briefing in response to arguments raised at the March 1, 2010 hearing on defendant Alexander Rivera's motion for an order dismissing all charges on speedy trial grounds

```
 1 | or, in the alternative, for an order to show cause requiring the
 2 | government to present proof at an evidentiary hearing that
 3 | defendant Rivera is "absent" or "unavailable" under Title 18,
 4 | United States Code, Section 3161(h)(3) (CR 620).
 5 | Dated: March 3, 2010           GEORGE S. CARDONA
   |                                Acting United States Attorney
 6 |
 7 |                                CHRISTINE C. EWELL
   |                                Assistant U.S. Attorney
 8 |                                Chief, Criminal Division
 9 |                                /s/ Nie T. [signature]
   |                                _____
10 |                                KEVIN M. LALLY
   |                                BRIAN R. MICHAEL
11 |                                NILI T. MOGHADDAM
   |                                Assistant United States Attorneys
12 |
   |                                Attorneys for Plaintiff
13 |                                UNITED STATES OF AMERICA
```

ii

## MEMORANDUM OF POINTS AND AUTHORITIES

At the March 1, 2010 hearing on defendant Alexander Rivera's motion to dismiss this case with prejudice on speedy trial grounds, counsel for defendant argued that the time period within which defendant should have been brought to trial on the First Superseding Indictment expired before the government filed its Second Superseding Indictment, rendering the Second Superseding Indictment invalid as to defendant.  This argument presupposes that the Court's April 16, 2008 order, which continued the trial date from May 5, 2009 to February 2, 2010, and which found that time period excludable as to all defendants, is somehow invalid. For the reasons set forth in the government's opposition to defendant's motion, the government submits that the Court's April 16, 2008 order is valid as to all defendants, including defendant Rivera.  But even if the April 16, 2008 order did not apply to defendant, defense counsel's calculation of the Speedy Trial Act time expended as to this defendant is incorrect.  At the time the government filed the Second Superseding Indictment, only 26 of the 70 days within which the government had to bring defendant to trial had expired (again assuming that the April 16, 2008 order somehow does not apply to this defendant).

The government filed the initial Indictment (the "Indictment") in this case on October 18, 2007.  The Indictment charged defendant and seventeen other defendants with conspiracy to distribute and distribution of narcotics in violation of Title 21, United States Code, Sections 841 and 846.  On October 24, 2007, defendant made his initial appearance on the Indictment, and was thereafter arraigned on November 1, 2007.

1

1  The government filed a First Superseding Indictment in this
2  case on November 15, 2007. The First Superseding Indictment
3  added a nineteenth defendant to the case, which, in turn,
4  restarted the Speedy Trial Act clock as to all defendants. See
5  United States v. King, 483 F.3d 969, 972-974 (9th Cir.
6  2007)(holding that the filing of a superseding indictment that
7  adds a new codefendant restarts the Speedy Trial Act clock as to
8  all defendants). Defendant was arraigned on the First
9  Superseding Indictment on December 17, 2007.
10 That same day, defendants, including defendant Rivera, filed
11 a stipulation to continue the trial date to October 14, 2008. On
12 December 18, 2007, the Court issued an order continuing the trial
13 date to October 14, 2007 and finding that the time period from
14 December 18, 2007 through October 14, 2007 was excludable time as
15 to all defendants within the meaning of the Speedy Trial Act. On
16 September 17, 2008, the parties, including defendant Rivera,
17 filed another stipulation seeking to continue the trial date from
18 October 14, 2007 to May 5, 2009.[1] On October 1, 2008, the Court
19 issued an order continuing the trial date to May 5, 2009 and
20 finding that the period from October 14, 2008 through May 5, 2009
21 was excludable time as to all defendants within the meaning of

---

[1] Defendant was housed at the Metropolitan Detention Center in Los Angeles until February 10, 2009 when the Bureau of Prisons released him to Los Angeles County to appear on an outstanding warrant in a narcotics case. On or about March 3, 2009, defendant was transferred to the custody of the Department of Homeland Security Immigrations and Customs Enforcement ("ICE") and on or about March 11, 2009, defendant was deported to his native country, Honduras. Both the December 17, 2007 and September 17, 2008 stipulations therefore predate defendant's deportation.

2

the Speedy Trial Act.

On May 28, 2009, the government filed a Second Superseding Indictment. The Second Superseding Indictment charged thirty-nine defendants, including defendant Rivera, with various offenses including racketeering conspiracy, violent crimes in aid of racketeering (including murder, attempted murder, and kidnaping), narcotics offenses, money laundering, and kidnaping. As to defendant, the Second Superseding Indictment added two new charges, namely, Racketeer Influenced and Corrupt Organization Act ("RICO") conspiracy and conspiracy to commit money laundering. To date, defendant has not been arraigned on the Second Superseding Indictment.

Defendant does not – and cannot – dispute that the Court's December 18, 2007 and October 1, 2008 orders continuing the trial date and finding excludable periods of time through May 5, 2009 do not apply to him. On each occasion, defendant sought to continue the trial date and agreed to the stipulation by which the parties moved to continue the trial date. Thus, even if the Court's April 16, 2009 order somehow did not apply to defendant Rivera, only the time period from May 5, 2009 until May 28, 2009, the date the government filed the Second Superseding Indictment, which amounts to only 26 days, was expended from the 70-day speedy trial clock on the First Superseding Indictment. Stated differently, at the time the government brought the Second Superseding Indictment, it had at least 44 days remaining on its speedy trial clock on the First Superseding Indictment. Defense counsel's argument at the March 1, 2010 hearing that the Speedy Trial Act clock had run as to defendant Rivera before the

1  government filed the Second Superseding Indictment is therefore
2  incorrect.